**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------  x
JUSTIN ROBERT MISENHELDER,          :        Civil Action No.: 09 CV 1147 (PKC)
JAMIE LYNN SUTTON and  on behalf of :
herself and others similarly situated, :
                                     :
                        Plaintiff,   :
                                     :
        - against -                  :
                                     :
650 BROADWAY ASSOCIATES INC.         :
d/b/a ELLEN'S STARDUST DINER,        :
ELLEN STURM, AND IRVING              :
STURM                                :
                        Defendants.  :

-------------------------------------------------  x
```

## DECLARATION OF MAIMON KIRSCHENBAUM

I, Maimon Kirschenbaum, under penalty of perjury, affirm as follows:

1. My name is Maimon Kirschenbaum, and I am a member of Joseph, Herzfeld, Hester & Kirschenbaum LLP, Plaintiff's counsel in the above-captioned matter.

2. Prior to resolving this case in February 2010, both Parties engaged in active and progressive settlement negotiations and formal discovery. This document discovery was comprehensive, consisting of approximately six years of monthly and yearly records for sales that included every private event.

3. We carefully reviewed all documents produced by Defendants and discussed them with Plaintiffs and Class Members in order to determine the extent of Defendants' liability and damages.  After analyzing and reviewing this data, we outlined the preliminary results of their review in detailed spreadsheets, which they provided to Defendants.  During

telephone calls with Defendants' counsel, Plaintiffs' counsel reviewed these spreadsheets together with the documents produced.

4. Over the course of litigation, counsel for the Parties held several negotiating sessions. The negotiations were at all times hard-fought, and we made clear to Defendants that Plaintiffs would move forward with full-blown litigation if they could not achieve a prompt settlement that was highly favorable to the Class. After months of negotiations, the Parties reached a settlement in principle in or around December 2009. The Parties continued negotiating terms until they agreed to the settlement agreement signed on February 25, 2010.

5. In discovery, Defendants provided Plaintiffs with precise data regarding the amount of service charge/gratuity money not distributed to service employees.  This figure is roughly $90,000.

6. Defendants' additional claims are relatively small in comparison with the claim of gratuity retention and do not significantly impact the maximum recovery.

7. On or about May 1, 2010, my office sent out 477 notices of settlement.

8. Shortly thereafter Class Counsel and Defendants learned that an administrative error was made in connection with class member database used for the class notice mailing. Specifically, the class member database inadvertently included the names of a few individuals who do not fall within the definition of class members under the settlement agreement. As a result, on June 10, 2010, Plaintiffs sent a second notification to those individuals notifying them that they had been incorrectly included in the class action notice.

9. No Class Members have opted out of the action, and no Class Members have objected to the settlement.

10. Plaintiffs are adequate representatives of the proposed Class and have fairly and adequately represented and protected the interests of the Class in achieving this settlement.  Plaintiffs have no known conflicts with any Class Members.

11. Plaintiff Misenhelder played an integral role in facilitating the prosecution of this class action.  He provided hours of invaluable help, including reviewing the documents Defendants produced and affirming the veracity of the information provided.  He reviewed documents, explained relevant and necessary factual information to Class Counsel, and evaluated Defendants' defenses.

12. Plaintiff Misenhelder also spent significant time speaking to current and former employees of Defendants about the case, encouraging their participation in the lawsuit, and explaining the nature of the lawsuit.  Thanks to Plaintiff Misenhelder, important evidence and new opt-in members for the class action were acquired.

13. I know from past experience that the New York City restaurant industry is close knit. Employees or former employees who take a leading role in lawsuits like this one face the serious risk of having future employment opportunities within the industry foreclosed.

14. Joseph, Herzfeld, Hester & Kirschenbaum LLP is a law firm dealing almost exclusively with employee rights.  Specifically, the firm represents employees in wage/hour and employment discrimination matters.

15. I manage the firm's food service wage and hour department.

16. Since graduating Fordham University School of Law in 2005, I have worked at Joseph & Herzfeld LLP.  As a result of my accomplishments representing food service workers

throughout New York City, detailed below, I became a member/partner of the firm in May of 2007.

17. Over 90% of my personal current docket involves class actions lawsuits against New York City restaurants for wage and hour violations.

18. During the last approximately two and a half years, our wage and hour practice filed and has functioned as lead counsel in over 50 class/collective actions on behalf of people employed in the New York food service industry, in addition to a significant number of individual actions. *See, e.g., Webster v. Smithfield Assocs., LLC d/b/a Pastis Restaurant, et al.*, 08 Civ. 166 (LTS) (S.D.N.Y. Mar. 13, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Leung v. Home Boy Restaurant*, No. 07 Civ. 8779 (RJS) (DFE), 2009 U.S. Dist. LEXIS 12556, *1 (S.D.N.Y. Feb. 18, 2009) (certifying settlement class and appointing class counsel); *Agofonova v. Nobu Corp.*, No. 07-CV-6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Williams v. Twenty-Ones, Inc.*, No. 07-CV-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008) (conditionally certifying FLSA collective action of restaurant/club workers); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007) (conditionally certifying FLSA collective action of restaurant workers).

19. In litigating these cases, I have spent the majority of the last three years litigating, researching and discussing with experts all cases, legislative history, administrative decisions, related to New York's laws related to compensation of tipped employees.

20. Several of these cases have already settled for a total recovery well over $14,000,000. Thus, we have recovered significant sums of money for thousands of New York City

restaurant employees.  In addition, we have increased awareness of wage and hour laws throughout the New York City restaurant industry.

21. Our work has attracted significant media attention and contributed greatly to a city-wide movement on behalf of food service employees.

22. My firm spent significant attorney and paralegal time litigating this case.

23. Below is a chart summarizing the hourly rates for time spent by my firm on this matter.

| Individual | Rate | Total Hours | Total |
|---|---|---|---|
| D. Maimon Kirschenbaum | $425 | 37.3 | $15,852.50 |
| Matthew Kadushin | $350 | 30.1 | $10,500 |
| Paralegals | $100 | 46 | $4,600 |
| Costs | | | $1078.62 |
| | | **Total:**113.4 | $31,431.12 |

Dated: New York, New York
       July 13, 2010

/s/ D. Maimon Kirschenbaum_____
D. Maimon Kirschenbaum (DK-2338)